United States District Court
Southern District of Texas

**ENTERED**

June 28, 2016

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MARK WILLIAM WOERNER, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. B-15-011 |
| | § | Criminal Action No. B-10-953-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Mark William Woerner's pro se 28 U.S.C. § 2255

Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

(hereinafter, Woerner's "Motion" or "§ 2255 Motion"), and supporting submissions.

*See* Dkt. Nos. 1, 2, 3, 4, 25.   On May 7, 2015, the Government filed a combined

Response, Motion to Dismiss, and Motion for Summary Judgment (hereinafter, the

"Government's Response"), arguing that Woerner's claims are time-barred; and,

alternatively, that they are subject to dismissal or summary judgment on the merits.

Dkt. No. 18 at 6-36.   It is recommended that Woerner's § 2255 Motion be dismissed as

time-barred pursuant to 28 U.S.C. § 2255(f).   Because his § 2255 Motion is

time-barred, it is recommended that his "Motion for an Evidentiary Hearing on

Petitioner's Motion Pursuant to 28 U.S.C. § 2255" (hereinafter, "Motion for Evidentiary

Hearing")[1] be denied as moot.   Finally, it is recommended that the Court decline to issue a certificate of appealability.


## I.   Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.


## II.   Background and Procedural History

On June 21, 2011, a jury found Woerner guilty of three counts of distribution of child pornography and two counts of possession of child pornography in violation of 18 U.S.C § 2252.   *See United States. v. Woerner,* No. 1:10-cr-00953-1, Dkt. Nos. 37 and 101.[2]   On December 19, 2011, United States District Judge Hilda Tagle sentenced Woerner to 960 months of imprisonment, and a life term of supervised release, with special conditions.   CR Dkt. No. 141 at 3-4.   She also ordered him to pay: (1) a $25,000.00 fine; (2) $2,446.00 in restitution; and, (3) $500.00 in special assessments. *Id.* at 7.   Judgment was entered on January 12, 2012.   *Id.* at 1.

Woerner filed a Notice of Appeal on December 21, 2011.   CR Dkt. No. 126.   On February 22, 2013, the Court of Appeals for the Fifth Circuit affirmed Woerner's judgment of conviction in a published opinion.   *United States v. Woerner,* 709 F.3d 527 (5th Cir. 2013).   Woerner petitioned for a writ of certiorari, which the Supreme Court

---

1   Dkt. No. 4.

2   Hereinafter, Woerner's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

denied on October 7, 2013.   *Woerner v. United States*, 134 S.Ct. 146 (2013).   Woerner

then filed a petition for rehearing of the denial of certiorari, which the Supreme Court

denied on January 13, 2014.   *Woerner v. United States*, 134 S.Ct. 990 (2014).

Woerner filed his instant § 2255 Motion on January 12, 2015.   Dkt. No. 1 at 15.[3]

In addition to arguing that the District Court lacked the jurisdiction to convict him,

Woerner's § 2255 Motion asserts numerous claims of trial court error and ineffective

assistance of trial and appellate counsel.   *See generally* Dkt. Nos. 1-4, and 25.   On

May 7, 2015, the Government filed its Response, arguing that Woerner's § 2255 Motion

is time-barred and meritless.   Dkt. No. 18.   Woerner filed a brief replying to the

Government's Response (hereinafter, Woerner's "Reply") on August 11, 2015.   Dkt. No.

25.


### III.   Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or

correct his sentence if: (1) the sentence was imposed in violation of the Constitution or

the laws of the United States; (2) the district court was without jurisdiction to impose

this sentence; (3) the sentence imposed was in excess of the maximum authorized by

law; or (4) the sentence is otherwise subject to collateral attack.   28 U.S.C. § 2255(a).

---

3   Woerner indicates that he placed his § 2255 Motion in the prison mailing system on January 12, 2015.   Dkt. No. 1 at 15.   The Court will consider his § 2255 Motion filed on that date.   *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

---

[4]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

## IV.  Discussion

Woerner has not submitted any information invoking § 2255(f)(2)-(4). Accordingly, § 2255(f)(1) applies to his Motion.  Pursuant to § 2255(f)(1), Woerner's one-year limitations period began to run on the date his conviction became final.   The Government argues that Woerner's conviction became final on October 7, 2013, the day the Supreme Court denied certiorari.  Dkt. No. 18 at 5.  Woerner argues that his conviction did not become final until the Supreme Court rejected his petition for rehearing the denial of certiorari.   Dkt. No. 25 at 3-8.

Woerner's argument is contrary to the law of this Circuit.  A judgment of conviction becomes final immediately upon the Supreme Court's denial of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).   Petitioning for the rehearing of a certiorari denial does not toll the date of a conviction's finality.   *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002).

Nevertheless, Woerner argues for a change in the law based, in part, upon his understanding of Supreme Court rules.  Dkt. No. 25 at 3-8.   The Court of Appeals for the Second Circuit recently considered and rejected arguments largely identical to Woerner's.   *See Rosa v. United States,* 785 F.3d 856, 860 (2d Cir. 2015), *cert. denied*, 136 S.Ct. 270 (2015).   For the reasons the Second Circuit articulates in *Rosa*, the Court finds Woerner's arguments unpersuasive.  *See id*. at 859-861.   Supreme Court rules support the conclusion that "a conviction becomes final upon the denial of a petition for a writ of certiorari without regard to any subsequent petition for rehearing."   *Id*. at 159.   "Specifically, Rule 16.3, entitled 'Disposition of a Petition for a Writ of Certiorari,'

states that '[t]he order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.'"   *Id*. (citations omitted).   Thus, unless the Supreme Court or a justice thereof intervenes, a petition for a writ of certiorari is finally disposed of when the Supreme Court denies the petition.   *Id*.

Further, Woerner's arguments are not just contrary to the law in the Second and Fifth Circuits.   As the Court in *Rosa* noted, "[a]ll eight circuit courts of appeals" to have considered the issue have concluded that a petition for rehearing will not suspend the finality of a judgment.   *Rosa,* 785 F.3d 856, 859 (citing *United States v. Aguirre–Ganceda,* 592 F.3d 1043, 1045 (9th Cir. 2010); *Drury v. United States,* 507 F.3d 1295, 1297 (11th Cir. 2007); *In re Smith,* 436 F.3d 9, 10 (1st Cir. 2006); *Robinson v. United States,* 416 F.3d 645, 650 (7th Cir. 2005); *Campa–Fabela v. United States,* 339 F.3d 993, 993 (8th Cir. 2003); *United States v. Segers,* 271 F.3d 181, 184–86 (4th Cir. 2001); *United States v. Willis,* 202 F.3d 1279, 1280–81 (10th Cir. 2000)).

Woerner's arguments for tolling his limitations period lack merit.   His judgment of conviction became final when the Supreme Court first denied certiorari on October 7, 2013, not when the Court denied his petition for rehearing.   *See Woerner v. United States*, 134 S.Ct. 146; *Giesberg v. Cockrell*, 288 F.3d 268, 271.   Intervention by the Supreme Court, or a justice thereof, can suspend the finality of a judgment,[5] but this did not occur in Woerner's case.[6]   The Supreme Court's denial of certiorari triggered Woerner's one-year limitations period, which expired on October 7, 2014.   *See* 28

---

5   *See Giesberg,* 288 F. 3d at 271.

6   *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/12-10637.htm (last visited June 24, 2016).

U.S.C. § 2255(f)(1).   Woerner filed his instant § 2255 Motion on January 12, 2015. Dkt. No. 1 at 15.   Thus, Woerner's § 2255 Motion is just over three months too late.

For the foregoing reasons, Woerner's § 2255 Motion should be dismissed as time-barred.   Because this issue is dispositive, the Court need not consider Woerner's § 2255 claims on their merits, and his Motion for Evidentiary Hearing (Dkt. No. 4) should be denied as moot.

## V.   Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Id*.

District courts may deny certificates of appealability sua sponte, without

requiring further briefing or argument.   *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).   A certificate of appealability should not issue in this case because Woerner has not made a substantial showing of the denial of a constitutional right.

## VI.   Recommendations

It is recommended that Woerner's § 2255 Motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).   Because his § 2255 Motion is time-barred, it is recommended that his Motion for Evidentiary Hearing (Dkt. No. 4) be denied as moot. Finally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Signed on this 27th day of June, 2016.

Ignacio Torteya III
United States Magistrate Judge